UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PI INNOVO, LLC,

    Plaintiff,

v.

    Case No. 15-cv-12835
    Hon. Matthew F. Leitman

ADVANCED GREEN
INNOVATIONS, LLC,

    Defendant.

_____/

### ORDER (1) DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF #9) WITHOUT PREJUDICE AND (2) STAYING PROCEEDINGS

On May 29, 2013, Pi Innovo, LLC ("Pi Innovo") and Advanced Green Innovations, LLC ("Advanced Green") entered into a "Master Component Development Agreement" (the "Agreement"), in which Pi Innovo agreed to create and deliver technology services and products to Advanced Green. Currently, there are two separate actions pending before the Court in which Pi Innovo and Advanced Green have alleged breaches of the Agreement against one another. (*See* Case Nos. 14-cv-14818 and 15-cv-12835.)

On December 19, 2014, Pi Innovo filed a Complaint against Advanced Green (Case No. 14-cv-14818; hereinafter, the "First Action") alleging that Advanced Green failed to pay certain invoices issued pursuant to the Agreement.

1

(*See* First Action – Compl., ECF #1 at ¶¶ 8-9, Pg. ID 3.)  Advanced Green failed to respond to the Complaint, and on January 26, 2015, the Clerk of the Court entered a default against Advanced Green.  (*See* First Action – ECF #11.)  Pi Innovo then filed a motion for default judgment against Advanced Green on January 23, 2015.  (*See* First Action – Mot. for Default J., ECF #12 at 1, Pg. ID 140.)  Advanced Green did not file a written response to that motion.  Instead, its counsel appeared at a hearing on the motion on June 2, 2015, and stated on the record that Advanced Green would not contest entry of a default judgment on liability.  However, Advanced Green did wish to contest the amount of damages claimed by Pi Innovo.  On March 14, 2016, the Court entered an order granting Pi Innovo's motion for a default judgment on liability.  (*See* First Action – ECF #33.)  The parties continue to litigate the amount of damages to be awarded under the default judgment.  The Court has not entered a final judgment in the First Action.

On August 11, 2015 – well after the Clerk of the Court entered the default against Advanced Green in the First Action – Advanced Green filed its Complaint against Pi Innovo in this action (Case No. 15-cv-12835; hereinafter, the "Second Action"). (*See* Second Action – Compl., ECF #1.)  Advanced Green alleges that Pi Innovo breached the Agreement by failing to provide the "work and/or products identified on [] three invoices" Pi Innovo submitted to Advanced Green for payment.  (*Id.* at ¶ 9, Pg. ID 2.)  Advanced Green also included an unjust

2

enrichment claim in its Complaint. (*See id.* at ¶¶ 19-27, Pg. ID 2-3.) On November 30, 2015, Pi Innovo filed a motion for summary judgment seeking dismissal of Advanced Green's claims in this action. (*See* Second Action, ECF #9.)

Upon review of the Complaint in this action, the Court concludes that the claims asserted by Advanced Green may well be compulsory counterclaims that Advanced Green should have filed in the First Action. Indeed, Advanced Green "does not dispute that the . . . claims in this case arise out of the same transaction as the claims Pi [Innovo] brought against [Advanced Green]" in the First Action. (*See* Second Action – Def.'s Mot. Summ. J., ECF #14 at 1, Pg. ID 143.) And if Advanced Green's claims in this action should have been asserted as compulsory counterclaims in the First Action, then they may be barred by the entry of judgment in the First Action.

For purposes of judicial efficiency, the Court will stay this action pending entry of a final judgment in the First Action. At that time, the Court will determine (1) whether Advanced Green's claims in this action should have been asserted as compulsory counterclaims in the First Action, and (2) whether the judgment entered in the First Action precludes Advanced Green from asserting its claims here. *See* Wright & Miller, *Federal Practice and Procedure* § 1418 (3d ed. 1998) ("Ideally, once a court becomes aware that an action on its docket involves a claim

3

that should be a compulsory counterclaim in another pending federal suit, it will stay its own proceedings . . . ."); *see also Inforizons, Inc. v. VED Software Servs., Inc.*, 204 F.R.D. 116, 120 (N.D. Ill. 2001) (staying potentially duplicative second-filed action pending resolution of the first-filed action). The Court will also deny without prejudice Pi Innovo's pending motion for summary judgment and will allow Pi Innovo to re-file that motion, if necessary, once the Court resolves the issue concerning the possible preclusive effect of the judgment in the First Action.

## CONCLUSION

For the reasons provided above, **IT IS HEREBY ORDERED THAT**:

1. Pi Innovo's pending Motion for Summary Judgment (Second Action – ECF #9) is **DENIED WITHOUT PREJUDICE**, and

2. This action is **STAYED** until a final judgment is entered in the First Action.


        s/Matthew F. Leitman
        MATTHEW F. LEITMAN
        UNITED STATES DISTRICT JUDGE

Dated: March 21, 2016


I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 21, 2016, by electronic means and/or ordinary mail.

        s/Holly A. Monda
        Case Manager
        (313) 234-5113